**Ursula RELOPEZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3152.**

United States Court of Appeals, Federal Circuit.

Aug. 17, 2001.

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.

NEWMAN, Circuit Judge.

Ursula Relopez petitions for review of the decision of the Merit Systems Protection Board, Docket No. SE0831000140–I–1, affirming the decision of the Office of Personnel Management (OPM) that she is not entitled to a survivors annuity based upon her late husband's federal service. We *affirm* the decision of the Board.

## BACKGROUND

Anselmo E. Relopez was employed in a series of positions by the Department of the Navy at Subic Bay, Republic of the Philippines, from 1947 until his retirement in 1972. Following his retirement, he applied for a deferred annuity as provided by the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 *et seq.* OPM denied the application on the basis that none of his employment with the Navy had been covered under the CSRA.

Following Mr. Relopez' death in 1987, petitioner Ursula Relopez applied for a survivor annuity based on her husband's federal service. OPM denied the application for the same reason, that none of Mr. Relopez' service was covered under the CSRA. After OPM reached the same conclusion upon reconsideration, Mrs. Relopez appealed to the Board. The Board affirmed OPM's decision and this appeal followed.

## DISCUSSION

Mrs. Relopez is not entitled to a survivor annuity based on her husband's federal service if he was not entitled to a retire-

ment annuity based on that service. This requires that Mr. Relopez have completed at least five years of creditable service and that at least one of the two years of service prior to separation be "subject to" the CSRA, *i.e.*, covered service. The Board analyzed the employment documents in Mr. Relopez' file and determined that they all stated that his periods of employment were classified as "temporary," "excepted temporary intermittent," or "excepted (indefinite)" appointments. Under the statutes and regulations in force at the time, the Board concluded, these positions were excluded from coverage under the CSRA. The Board also found no indication that retirement deductions were ever withheld from Mr. Relopez' pay. His separation papers showed that Mr. Relopez was paid a lump sum retirement benefit under his collective bargaining agreement. From this evidence, the Board concluded that none of Mr. Relopez' appointments was to a position covered by the CSRA.

Mrs. Relopez does not dispute these findings. Nor does she dispute that the regulations cited by the Board exclude temporary and indefinite appointments from CSRA coverage. Mrs. Relopez argues, however, that her husband was entitled to retirement benefits because he was employed by the Navy during a 21–month period from January 23, 1955 to October 30, 1956, during which no such regulations were in force. The Board rejected this argument, observing that Mr. Relopez had

not been appointed to any position during this period.

Since 1920, the administrator of the Civil Service Retirement System (CSRS) has had the authority to exclude various categories of employees from retirement coverage. The exclusion of appointments such as Mr. Relopez' from the CSRA is established by various executive orders and regulations, the former issued by the President and the latter by the Civil Service Commission following the transfer of CSRS administrative responsibilities to that body in 1956. The period in question extends from the revocation of Executive Order 10,180 on January 23, 1955 to the promulgation by the Civil Service Commission of the regulatory exclusion of indefinite appointees from CSRS coverage on October 30, 1956. This court has determined that, despite certain dissimilarities in the language of Executive Order 10,180 and the regulation that replaced it in October, 1956, "it is clear that E.O. 10,180 is the source of the current regulation, 5 C.F.R. § 831.201(a)(13), and that this regulation has been consistently applied by OPM (and the former Civil Service Commission) for more than forty years." *Rosete v. Office of Personnel Management*, 48 F.3d 514, 519 (Fed.Cir.1995).

In spite of the consistent exclusion of indefinite employees from the CSRS, as affirmed in *Rosete*, during the 21 months between the revocation of E.O. 10,108 and the promulgation of the regulation that replaced it, there was no statutory or regulatory provision excluding indefinite employees from the CSRS. It has been suggested that some [1] employees who were

---

1. In 1965 the Civil Service Commission amended the regulations, making the "continuity-of-coverage" rule inapplicable "in the case of an alien employee whose duty station is located in a foreign country." 5 C.F.R. § 831.201(b) (1965). Since, in order to receive an annuity under the CSRA, an employee must have spent at least one of his last two years of service in a position covered by the CSRA, 5 U.S.C. § 8333(b), this so-called "*Austria* exception" is available only to those

employees who separated from service before 1965. *See Alcantara v. Office of Personnel Management*, 88 M.S.P.R. 61, 64 (2001) ("appellant lost his coverage in 1965 when the Civil Service Commission excluded foreign nationals under indefinite appointments whose duty stations were in foreign countries from retirement coverage.... Thus, the last 2 years of the appellant's service preceding his 1989 separation were not covered by the CSRS. Accordingly, the appellant is not enti-

given indefinite appointments during that period are entitled to CSRS coverage, *see* *Austria v. Office of Personnel Management,* 78 M.S.P.R. 396, 397–401 (1998) (Slavet, Vice Chair, concurring); *Alcantara v. Office of Personnel Management,* 88 M.S.P.R. 61 (2001) (citing *Austria*); *Segovia v. Office of Personnel Management,* 85 M.S.P.R. 693 (2000) (same).

However, such an exception to the rule excluding employees with indefinite appointments from coverage under the CSRA could apply only to those employees actually appointed during the regulatory gap from January 23, 1955 to October 30, 1956. *See Segovia v. Office of Personnel Management,* 85 M.S.P.R. 693, 695 (2000) ("The appellant's indefinite appointment does not fall within the exception identified in *Austria* because it was not made between January 23, 1955 and October 30, 1956.") Although Mr. Relopez was employed as a temporary employee during that time, he did not receive an appointment during that period. Thus the Board properly concluded that Mr. Relopez was not entitled to an annuity under CSRA, and, consequently, Mrs. Relopez is not entitled to a survivor annuity based on his service.

No costs.

---

tled to a CSRS annuity. *See* 5 U.S.C. § 8333(b) (at least 1 of the last 2 years preceding the separation upon which a claim to an annuity is based must have been in a covered position).")